[No. 19636. Department Two. April 12, 1926.]

YAKIMA FINANCE CORPORATION, *Respondent,* v. GEO. H.
MULLINS *et al., Appellants,* LOUIS ROESCH,
*Defendant.*[1]

[1] BILLS AND NOTES (64-1)—BONA FIDE PURCHASERS—NOTICE OF COL-
LATERAL AGREEMENT—EVIDENCE—SUFFICIENCY. A finance com-
pany, taking notes given in payment for an automobile, which,
as between the parties, were to be paid in legal services, took
the same without notice of the infirmity or knowledge of facts
amounting to bad faith, where it merely appeared that, on being
informed that the parties contemplated that any legal services
performed for the payee would be applied on the last note, the
company's agent did not agree to such application but stated that
that was a matter between them.

[2] COSTS (83)—APPEAL—TAXATION OF COSTS. Where respondent
filed a disclaimer of any judgment against appellant's wife, upon
appellant's construing it to include her, a modification of the
judgment on appeal to conform to such disclaimer will not affect
the costs on appeal.

Appeal from a judgment of the superior court for
Yakima county, Simpson, J., entered October 6, 1924,
upon findings in favor of the plaintiff, in an action to
foreclose a chattel mortgage, tried to the court. Af-
firmed.

*Geo. H. Mullins,* for appellants.

*Williamson & LaBerge,* for respondent.

MAIN, J.—This action was for the purpose of fore-
closing a chattel mortgage, and for a deficiency judg-
ment in the event that the property covered by the
mortgage was not sufficient to satisfy the judgment
obtained. The cause was tried to the court without a
jury and resulted in findings of fact, conclusions of law
and judgment as prayed for in the complaint. From
this judgment, the defendants Geo. H. Mullins and wife
appeal.

[1]Reported in 245 Pac. 5.

The statement will be made as though Mr. Mullins was the only party appellant.

On July 7, 1922, the appellant purchased from one Louis Roesch an automobile and gave in payment thereof twelve promissory notes aggregating the sum of $1,000, eleven of which were for $25 each and the twelfth for $725. To secure these notes, a chattel mortgage was placed upon the automobile purchased, and the notes and mortgage were at once transferred to the Yakima Finance Company, a corporation, the respondent. The notes not having been paid as they became due, the present action was instituted.

Appellant pleaded in his answer an oral agreement with Roesch, claimed to have been made at the time of the transaction, by which it is alleged that the notes were to be paid by legal services rendered by the appellant to Roesch. Upon the trial, the appellant sought to prove by oral testimony the alleged agreement. It will be assumed, but not decided, that this agreement, as between the appellant and Roesch, was made and could have been established by oral testimony as between them. If, however, the respondent was a holder of the notes in due course, any arrangement as to their payment between the appellant and Roesch would be entirely immaterial.

[1] The first question, therefore, is whether the respondent took the notes without any knowledge of their infirmity, if there be such, or knowledge of such facts that its action in taking the notes amounted to bad faith. Upon the trial, the secretary and managing officer of the respondent testified:

"Q. Did you have a conversation with Mr. Roesch in referring to the mortgage, about the terms and conditions in it? A. He mentioned the fact that you were going to pay twenty-five dollars each month, and the last note was seven hundred twenty-five dollars; and

he said that he had a little legal service done and he figures that at the time this note would come due, for seven hundred twenty-five dollars, it would gradually be taken care of, and that any legal service that he had done he would have applied or would apply, against the last note. Q. You agreed with him that these legal services would be applied on the notes? A. No, I didn't agree with him; I told him that was between him and you.''

This testimony falls short either of showing knowledge of infirmity or knowledge of facts that would amount to bad faith. In *Naylor v. Lovell,* 109 Wash. 409, 186 Pac. 855, it was said:

''By Rem. Code, § 3447, to constitute notice of an infirmity in a negotiable instrument, the person to whom it is negotiated must have had actual knowledge of the infirmity, or knowledge of such facts that his action in taking the instrument amounted to bad faith. That is, as stated by the writers: 'The rights of the holder are to be determined by the simple test of honesty and good faith.' The presumption of good faith attaches in favor of a holder who takes the instrument for value prior to its maturity, but the presumption is rebuttable.''

In *Citizens' Bank & Trust Co. v. Limpright,* 93 Wash. 361, 160 Pac. 1046, the defendant gave to one Pittman a promissory note for $1,600, which was the purchase price of an automobile. At the same time a writing was given by Pittman to the defendant that there would be credited on the note the sum of $1,150, which was the price at which the defendant turned over an automobile that he then owned. The credit was to be applied sixty days from the date of the note. The $1,600 note was transferred to the plaintiff, and thereafter an action was brought upon it. It was there held that, even if the plaintiff had knowledge of the writing, it would not be enough to impeach its good faith in purchasing the note. It was there said:

"As we read the evidence, the full purport of which we have set out in our statement, it falls far short of showing knowledge on appellant's part when it took this note of any agreement on Pittman's part to credit upon the note $1,150, or any other sum, as the price of the old car. We shall not further discuss the evidence on this point, since, even were it conceded that appellant had full knowledge of the collateral agreement, that fact would not charge it with bad faith."

Since the evidence in the present case was not sufficient to show an infirmity in the note in the possession of the respondent, the other questions presented, aside from one which will be noticed, are not involved in this case.

[2] The appellant complains of the judgment, in that he construes it as broad enough in its terms to amount to an individual judgment against his wife. The judgment was entered on October 4, 1924. On April 7, 1925, the respondent served upon the appellant and filed in the cause a disclaimer of any individual judgment against the wife of the appellant. The judgment may be broad enough to be subject to the objection made by the appellant and should be modified in that respect. This modification, however, since the respondent expressly disclaimed a right to a judgment against the wife of the appellant individually, should not affect the costs in this court. The respondent will be entitled to its costs.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.